IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CONNIE S. JACKSON,<br><br>               Plaintiff<br><br>VS.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>               Defendant | NO. 5:07-CV-334 (CWH)<br><br>**SOCIAL SECURITY APPEAL** |

## O R D E R

This is a review of a final decision of the Commissioner of Social Security denying a claim for disability insurance benefits under Title XVI of the Social Security Act, as amended. On January 22, 2004, plaintiff Connie S. Jackson filed an application for Social Security Disability Benefits alleging disability beginning January 1, 1990, due to a combination of mental and physical impairments including, but not limited to, major depression, anxiety, and degenerative disc disease. The application was denied initially and upon reconsideration.

Plaintiff Jackson requested a hearing before an administrative law judge ("ALJ") which was held on August 17, 2006. In a decision dated February 23, 2007, the ALJ found that the plaintiff was not disabled. The Appeals Council denied the plaintiff's request for review on July 6, 2007, making the hearing decision the final decision of the Commissioner. Thereafter, on August 30, 2007, the plaintiff filed the instant complaint. Tab #1.

Both parties have consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment permitted by law may be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. **Walker v. Bowen**, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. **Richardson v. Perales**, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] **Bloodsworth v. Heckler**, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. **Harrell v. Harris**, 610 F.2d 355, 359 (5th Cir. 1980).

The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. **Bloodsworth**, *supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. **Kirkland v. Weinberger**, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. **Oldham v. Schweiker**, 660 F.2d 1078 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. **Carnes v. Sullivan**, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. **Wheeler v. Heckler**, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also* **Graham v. Bowen**, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner determines if a claimant is disabled by using a five step sequential evaluation procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. ***Bowen v. Heckler***, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

Plaintiff Jackson's first two arguments on appeal essentially contend that the ALJ erred by discrediting and or rejecting the opinions of both treating and consultative physicians. In support of these arguments, she insists that the overwhelming weight of the medical evidence of record mandates a finding of disability and that the ALJ's decision to the contrary is therefore unsupportable. The court finds no merit in these arguments.

A review of the record in this case reveals that the ALJ carefully considered the opinions of these physicians in combination with the other evidence of record. Having done so, and in accordance with the relevant requirements, the ALJ concluded that these opinions were unsupported and/or contradicted by objective medical evidence in the record. Consequently, the ALJ chose to reject and/or discount the opinions. The ALJ's decision on this point was legally proper and supported by substantial evidence. Consequently, the plaintiff's arguments to the contrary are without merit and must be rejected.

Plaintiff Jackson's next contention is that "the ALJ applied improper standards when finding Ms. Jackson not disabled." First, the she contends that the ALJ utilized a "total incapacity" standard; she bases this assertion upon a single statement in the ALJ's decision, to-wit:

> *Based upon a review of the medical evidence of record, as well as the plaintiff's testimony at the hearing, I find the evidence contained in the record does not support the claimant's allegations of totally incapacitating symptoms.*

This tenuous and unsupported argument is without merit because the ALJ's statement, when taken in context, is simply not sufficient to demonstrate that such a heightened standard of proof was imposed upon plaintiff Jackson. As was noted above, the plaintiff bears the burden of demonstrating that she suffers from an impairment that prevents her from engaging in ***any*** substantial gainful activity. Thus, the ALJ's use of the term "totally incapacitated" clearly refers to the plaintiff's alleged incapacity to engage in any substantial gainful activity—  not any activity at all.

-4-

The second improperly imposed standard complained about by plaintiff Jackson is the ALJ's alleged use of "sit and squirm jurisprudence." In support of this argument, plaintiff contends that the ALJ had subjectively predetermined index traits she thought should have been displayed at the hearing were the claimant actually telling the truth about her impairments. Plaintiff then avers that her failure to display this set of traits confirmed in the judge's mind that her conditions could not be disabling. According to the plaintiff, this conclusion is evinced by the ALJ's observation that the plaintiff was able to concentrate and answer questions while sitting without apparent difficulty, pain or nervousness.

This argument is also without merit. While it is true that an ALJ may not impose his or her observations **in lieu of** a consideration of medical evidence presented, a disability claimant's appearance and demeanor during a hearing are appropriate criteria for evaluating credibility. In this case, it is apparent that the ALJ carefully considered the plaintiff's appearance and demeanor as well as the medical evidence of record. As such, the plaintiff's contention that the ALJ employed a "sit and squirm" test is unfounded and without merit.

Accordingly, for the reasons set forth above, the undersigned finds that the ALJ properly applied the relevant legal standards and that her findings are supported by substantial evidence. Therefore, the Commissioner's denial of benefits is **AFFIRMED**.

**SO ORDERED** this 5th day of **OCTOBER**, 2009.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE